IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
08 JAN 15 PM 3: 22
OFFICE OF THE CLERK

| | | |
|---|---|---|
| JEFFERY J. STEWART, | ) | 8:08 CV20 |
| Plaintiff, | ) | |
| vs. | ) | COMPLAINT |
| FIRST DATA CORPORATION., | ) | |
| Defendant. | ) | |

I.

JURISDICTION

1. Plaintiff invokes this Court's jurisdiction under 28 U.S.C. §1343(3) and (4), 42 U.S.C. §2000(e) et seq. and 42 U.S.C. §1981. This action is authorized pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000(e) et seq.), as amended, and 42 U.S.C. §1981, and is brought to remedy racial discrimination and unlawful retaliation by the Defendant in the treatment of Plaintiff during his employment with Defendant, and the termination of the Plaintiff from his employment with Defendant.

II.

PARTIES

2. Plaintiff Jeffery J. Stewart is a black male resident of the City of Omaha, Douglas County, Nebraska, and said Plaintiff was an "employee" within the meaning of 42 U.S.C. §2000(e), inasmuch as he was employed by Defendant which had, at all times pertinent hereto, more than five hundred (500) employees.

3. Defendant First Data Corporation is a for profit corporation organized under the laws of the State of Delaware with its place of business in Omaha, Nebraska, with, at all times

pertinent hereto, over five hundred (500) employees employed in the City of Omaha, Nebraska, and said Defendant is an "employer" within the meaning of 42 U.S.C. §2000(e).

III.

STATEMENT OF FACTS

4. Plaintiff was hired by the Defendant in September, 1995, and performed several positions. Most recently, and at the time of his termination, he was employed as a machine operator/vault clerk. At all times pertinent hereto, he was capable of, and was, performing his job satisfactorily. During the course of his employment and, specifically within the last six (6) -eight (8) months of his employment, Plaintiff had complained to the appropriate persons of the Defendant about racial discrimination by one of his co-employees who was also a lead person. His complaints included disparate and adverse treatment of Plaintiff and the only other Black employee under said lead person's supervision. Plaintiff complained that he and the other Black employee were being discriminated against based on race, and were adversely treated regarding job assignments, crew downs, breaks, and disciplinary actions. Defendant failed to take any action regarding Plaintiff's complaints of race discrimination.

5. On or about February 3, 2006, Plaintiff was involuntarily terminated by the Defendant for allegedly making some threatening comments toward another employee. Plaintiff alleges that said termination and his prior treatment as an employee constitutes discrimination based on race and unlawful retaliation because:

    a. The Defendant failed to follow its progressive discipline policy in terminating the Plaintiff and failed to take action on Plaintiff's complaints of discrimination;

    b. The Defendant has treated white employees and employees who had not complained about racial discrimination more favorably and has not terminated said

employees, notwithstanding that they have engaged in much more serious misconduct problems than Plaintiff allegedly had;

c. The Defendant, through its lead person and other white, employees, engaged in harassing Plaintiff by making accusations against him without any basis in fact, and disciplining him for said allegations while other white employees and employees who had not complained about discrimination were not disciplined for much more serious or similar misconduct;.

d. Defendant did not inquire of Plaintiff nor give him the opportunity to respond to the allegation that he threatened the lead person before terminating him. Plaintiff had, in fact, never threatened said lead person; and

e. The reasons articulated by the Defendant in terminating Plaintiff are not credible and are pretexts for race discrimination and unlawful retaliation.

6. On or about February 15, 2006, Plaintiff filed a charge of employment discrimination with the Nebraska Equal Opportunity Commission and the Equal Employment Opportunity Commission. The United States Equal Employment Opportunity Commission issued a Notice of Right to Sue which was received by Plaintiff on October 17, 2007.

7. As a result of Defendant's discriminatory actions complained of herein, Plaintiff has suffered a loss of pay, fringe benefits, emotional distress and mental anguish and said discriminatory actions were taken by the Defendant with malice and a reckless disregard of Plaintiff's right to be free from unlawful discrimination. Plaintiff's damages are ongoing and Plaintiff continues to suffer said losses and will continue to suffer them into the future.

WHEREFORE, Plaintiff prays as set forth below:

IV.

## FIRST CAUSE OF ACTION

8. Plaintiff refers to and incorporates by reference each and every allegation of Paragraphs 1 through 7 above as though fully set forth herein.

9. The treatment complained of above violates 42 U.S.C. §2000 e-2 inasmuch as the termination of Plaintiff's employment is discrimination against the Plaintiff on the basis of his race and national origin.

WHEREFORE, Plaintiff prays as set forth below:

V.

## SECOND CAUSE OF ACTION

10. Plaintiff refers to and incorporates by reference each and every allegation of Paragraphs 1 through 7 above as though fully set forth herein.

11. The treatment complained of above violates 42 U.S.C. §1981 inasmuch as the termination of Plaintiff's employment is discrimination against the Plaintiff on the basis of his race and national origin.

WHEREFORE, Plaintiff prays as set forth below:

VI.

## THIRD CAUSE OF ACTION

12. Plaintiff refers to and incorporates by reference each and every allegation of Paragraphs 1 through 7 above as though fully set forth herein.

13. The treatment complained of above violates 42 U.S.C. §2000e-3, inasmuch as it is unlawful retaliation against the Plaintiff for having engaged in protected activity.

VII.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against the Defendant:

A. Entry of a judgment that Defendant violated the rights of the Plaintiff under Title VII of the Civil Rights Act of 1991, and 42 U.S.C. §1981;

B. Reinstatement to his employment with Defendant and an award of back pay including interest thereon to compensate Plaintiff for loss of salary, fringe benefits, and other economic losses he has suffered as a result of Defendant's actions;

C. An award to Plaintiff of damages for emotional distress and mental anguish;

D. An award to Plaintiff of punitive damages;

E. An award to Plaintiff of the cost of this suit and reasonable attorney's fees and expenses as allowed by 42 U.S.C. §2002, and 42 U.S.C. §1988; and

F. Such other and further relief as the Court may deem just and proper.

Plaintiff designates Omaha, Nebraska, as place of trial.

Plaintiff requests and makes a demand for a jury trial.

DATED THIS 15 day of January, 2008.

JEFFERY J. STEWART,
Plaintiff,

BY: _____
Jeffery J. Stewart
5818 Pratt St.
Omaha, NE 68104
(402) 614-5240
Pro Se